# PRIORITY SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  EDCV 13-00940-VAP (SPx)                    Date:  January 10, 2014

Title:     CHRISTIE L. REED -v- FEDERAL NATIONAL MORTGAGE
           ASSOCIATION; DAVID ALAN BOUCHER; SARA LUZ ARGUELLO
           FERNANDO DIAS; EVERETT XAVIER CABRERA; AND DOES 1
           THROUGH 10, INCLUSIVE
===============================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

           Marva Dillard                      None Present
           Courtroom Deputy                   Court Reporter

ATTORNEYS PRESENT FOR              ATTORNEYS PRESENT FOR
PLAINTIFFS:                        DEFENDANTS:

       None                            None

PROCEEDINGS:        MINUTE ORDER GRANTING CROSSCLAIMANT/
                    COUNTERCLAIMANT FEDERAL NATIONAL MORTGAGE
                    ASSOCIATION'S MOTION TO DISMISS (DOC. NO. 129)
                    AND DENYING CROSS-DEFENDANT PACIFIC
                    LOANWORKS, INC.'S MOTION TO DISMISS (DOC. NO.
                    121) AS MOOT ( (IN CHAMBERS)


    Before the Court are the Motion to Dismiss Federal National Mortgage
Association's Crossclaim, filed by Cross-Defendant Pacific Loanworks, Inc. ("PLI")
on December 6, 2013 (Doc. No. 121) ("PLI Motion"), and the Motion to Dismiss
Certain Named Cross-Defendants and Counter-Defendants Without Prejudice, filed
by Crossclaimant/Counterclaimant Federal National Mortgage Association ("Fannie

MINUTES FORM 11                          Initials of Deputy Clerk ___md____
CIVIL -- GEN                  Page 1

EDCV 13-00940-VAP (SPx)
CHRISTIE L. REED v. FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al.
MINUTE ORDER of January 10, 2014

Mae") on December 13, 2013 (Doc. No. 129) ("Fannie Mae Motion").  None of the parties have filed oppositions to the two motions.  The Court, on its own motion, has already vacated the January 6, 2014 hearing for PLI Motion.  The Court also finds the Fannie Mae Motion appropriate for resolution without a hearing and accordingly VACATES the January 27, 2014 hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  For the following reasons, the Court GRANTS the Fannie Mae Motion and DENIES the PLI Motion as MOOT.

On May 22, 2013, Plaintiff Christie L. Reed ("Plaintiff") filed a Complaint against Defendants Fannie Mae, David Alan Boucher ("Boucher"), Sara Luz Arguello ("Arguello"), Fernando Dias ("Dias"), and Everett Xavier Cabrera ("Cabrera"). (Compl. at 1.)  On July 3, 2013, Plaintiff filed a First Amended Complaint ("FAC") against Defendants Fannie Mae, Boucher, Arguello, Dias, Cabrera, PLI, and Chicago Title Insurance Company ("Chicago").  (FAC at 1.)

On August 27, 2013, Chicago filed a Motion to Dismiss all claims in the FAC against Chicago (Doc. No. 14).  On September 5, 2013, Fannie Mae filed a Motion to Dismiss all claims in the FAC against Fannie Mae (Doc. No. 16).  On November 5, 2013, the Court dismissed all claims in the FAC against Chicago and Fannie Mae – except for one claim against Chicago and one claim against Fannie Mae (Doc. No. 87) ("November 5, 2013 Order").  The Court gave Plaintiff until November 25, 2013 to amend the FAC as to the one remaining claim each against Chicago and Fannie Mae (id. at 22-23), but Plaintiff did not submit a Second Amended Complaint.  The Court thus dismissed Chicago and Fannie from the FAC without prejudice on December 5, 2013 (Doc. No. 126).

On September 10, 2013, PLI filed a Motion to Dismiss all claims in the FAC against PLI (Doc. No. 24) ("PLI Motion"), which the Court granted without prejudice on October 11, 2013 after Plaintiff did not oppose (Doc No. 39).

On September 11, 2013, Fannie Mae filed a Crossclaim against Cross-Defendants Arguello, Cabrera, and PLI (Doc. No. 26) ("Crossclaim"), asserting cancellation of instruments, quiet title, and slander of title claims and seeking injunctive relief, as to two properties in dispute between Plaintiff and Fannie Mae – 724 Winn Drive in Upland, California ("Winn Property") and 10633 Budlong Avenue

MINUTES FORM 11                                    Initials of Deputy Clerk ___md____
CIVIL -- GEN                         Page 2

EDCV 13-00940-VAP (SPx)
CHRISTIE L. REED v. FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al.
MINUTE ORDER of January 10, 2014

in Los Angeles, California ("Budlong Property").  (See Crossclaim at 1-2.)

Also on September 11, 2013, Fannie Mae filed a Counterclaim against Counter-defendants Christie L. Reed, Edward R. Seidner, Joyce Seidner, James W. Redfern, Royal Thrift and Loan Company ("Royal Thrift"), CitiFinancial Mortgage Company, Inc. ("CitiFinancial"), Sarah Cabrera, County of Los Angeles ("LA County"), Customized Auto Credit Services, Inc., New Plains Financial, Inc., Global F.S., Inc., and Martin S. Reed ("Martin Reed") (Doc. No. 29) ("Counterclaim").[1]  In the Counterclaim, Fannie Mae also seeks to cancel fraudulently recorded deeds and liens, to quiet title, to receive an damages award for slander of title, and to enjoin all counter-defendants from recording additional documents that cloud title, as to the Winn Property and the Budlong Property.  (See Counterclaim at 1-2.)

On November 26, 2013, Cross-Defendant Cabrera filed a Motion to Dismiss the Crossclaim (Doc. No. 107), which Fannie Mae opposed on December 12, 2013 (Doc. No. 127).  On December 17, 2013, Cabrera also filed a Motion for Preliminary Injunction against Fannie Mae.  These two motions submitted by Cabrera remain pending before this Court.

On December 6, 2013, PLI filed the PLI Motion, asserting that Fannie Mae has failed to allege that PLI has any current interest in the Winn Property and the Budlong Property or any past wrongdoings in relation to the two properties.  (PLI Mot. at 5-9.)  PLI thus asserts the Crossclaim should be dismissed as to PLI.  (Id. at 10.)

The Fannie Mae Motion filed on December 13, 2013 requests that this Court dismiss PLI from the Crossclaim and Royal Thrift, CitiFinancial, LA County, and Martin Reed from the Counterclaim, as: "(1) each of the Counter-Defendant's [sic] and Cross-Defendants has disavowed any interest in title to the Winn Property or the Budlong Property; (2) the remaining Counter-Defendant's [sic] and Cross-

_____

[1]     Fannie Mae requests dismissal of Fernando Diaz ("Diaz") from the Counterclaim, but Fannie Mae does not name Diaz as a counter-defendant in the Counterclaim.  As such, the Court finds Fannie Mae's request moot as to Diaz.

MINUTES FORM 11                                        Initials of Deputy Clerk ___md____
CIVIL -- GEN                        Page 3

EDCV 13-00940-VAP (SPx)
CHRISTIE L. REED v. FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al.
MINUTE ORDER of January 10, 2014

Defendants . . . are not expected to oppose [the Fannie Mae Motion]; (3) [t]he court has previously entered a judgment quieting title to the subject property; (4) there is nothing legally prohibiting this Court from entering the dismissal . . .; and (5) no remaining parties will be prejudiced by the court entering this dismissal."  (Fannie Mae Mot. at 4-5; Declaration of Michael J. Gilligan ¶ 5.)

The Court agrees with Fannie Mae that dismissal of PLI, Royal Thrift, CitiFinancial, LA County, and Martin Reed is appropriate, given that these parties have disavowed any interest in the Winn Property and the Budlong Property and "their dismissal will not affect the remaining claims against the remaining Cross-Defendants and Counter-Defendants."  (Fannie Mae Mot. at 5.)  The Court thus GRANTS the Fannie Mae Motion.  As the Court grants the Fannie Mae Motion as to PLI, the PLI Motion is now moot.  Thus, the Court DENIES the PLI Motion as MOOT.

Accordingly, the Court GRANTS Crossclaimant/Counterclaimant Federal National Mortgage Association's Motion to Dismiss Certain Named Cross-Defendants and Counter-Defendants (Doc. No. 129) and DISMISSES WITHOUT PREJUDICE Pacific Loanworks, Inc. from the Crossclaim (Doc. No. 26), and Royal Thrift and Loan Company, CitiFinancial Mortgage Company, Inc., County of Los Angeles, and Martin S. Reed from the Counterclaim (Doc. No. 29).  The Court DENIES Pacific Loanworks, Inc.'s Motion to Dismiss Federal National Mortgage Association's Crossclaim (Doc. No. 121) as MOOT.

**IT IS SO ORDERED.**