# PRIORITY SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 13-00940-VAP (SPx)                    Date:  January 23, 2014

Title:     CHRISTIE L. REED -*v*- FEDERAL NATIONAL MORTGAGE
           ASSOCIATION; DAVID ALAN BOUCHER; SARA LUZ ARGUELLO
           FERNANDO DIAS; EVERETT XAVIER CABRERA; AND DOES 1
           THROUGH 10, INCLUSIVE
===========================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

           Marva Dillard                        None Present
           Courtroom Deputy                     Court Reporter

ATTORNEYS PRESENT FOR              ATTORNEYS PRESENT FOR
PLAINTIFFS:                        DEFENDANTS:

           None                              None

PROCEEDINGS:        MINUTE ORDER DENYING (1) MOTION TO DISMISS
                    CROSSCLAIM (DOC. NO. 107); AND (2) MOTION FOR
                    PRELIMINARY INJUNCTION (DOC. NO. 133) (IN
                    CHAMBERS)


     Before the Court are the Motion to Dismiss Federal National Mortgage
Association's Crossclaim (Doc. No. 107) ("MTD"), and the Motion for a Preliminary
Injunction (Doc. No. 133) ("MPI"), filed by Cross-Defendant Everett Cabrera
("Cabrera") on November 26, 2013 and December 17, 2013, respectively.  On
December 12, 2013, Crossclaimant Federal National Mortgage Association ("Fannie
Mae") filed an Opposition to the MTD (Doc. No. 127) ("MTD Opposition") and served
it on Cabrera on December 19, 2013 (see Fannie Mae's Proof of Service (Doc. No.

MINUTES FORM 11                           Initials of Deputy Clerk vp for MD
CIVIL -- GEN                    Page 1

EDCV 13-00940-VAP (SPx)
CHRISTIE L. REED v. FEDERAL NATIONAL MORTGAGE ASSOCIATION, ET AL.
MINUTE ORDER of January 23, 2014

135)).  Cabrera filed a Reply to the MTD Opposition (Doc. No. 141) ("MTD Reply")
on December 23, 2013, arguing, <u>inter alia</u>, that Fannie Mae untimely served the
MTD Opposition and that the MTD Opposition thus should not be considered.
Fannie Mae also belatedly filed an Opposition to the MPI (Doc. No. 154-1) ("MPI
Opposition") on January 14, 2014, with a Declaration by Michael J. Gilligan (Doc.
No. 154) ("Gilligan Decl."), explaining the reasons for the untimely submission of the
MPI Opposition.  On January 17, 2014, Cabrera filed a Reply to the MPI Opposition
(Doc. No. 156) ("MPI Reply").  Although Fannie Mae served the MTD Opposition
untimely on Cabrera and filed the MPI Opposition untimely, the Court has
considered the two oppositions as well as Cabrera's two replies.  Having found the
MTD appropriate for resolution without a hearing, the Court, on its own motion, has
vacated the January 6, 2014 hearing for the MTD (Doc. No. 148).  The Court also
finds it appropriate to resolve the MPI without a hearing and VACATES the January
27, 2014 hearing for the MPI.  <u>See</u> Fed. R. Civ. P. 78; L.R. 7-15.

# I.  BACKGROUND

On May 22, 2013, Plaintiff Christie L. Reed ("Plaintiff") filed a Complaint
against Defendants Fannie Mae, David Alan Boucher ("Boucher"), Sara Luz Arguello
("Arguello"), Fernando Dias ("Dias"), and Everett Xavier Cabrera ("Cabrera").
(Compl. at 1.)  On July 3, 2013, Plaintiff filed a First Amended Complaint ("FAC")
against Defendants Fannie Mae, Boucher, Arguello, Dias, Cabrera, Pacific
Loanworks, Inc. ("PLI"), and Chicago Title Insurance Company.  (FAC at 1.)

On September 11, 2013, Fannie Mae filed a Crossclaim against Cross-
Defendants Arguello, Cabrera, and PLI (Doc. No. 26) ("Crossclaim"), asserting
cancellation of instruments, quiet title, and slander of title claims and seeking
injunctive relief, as to two properties in dispute between Plaintiff and Fannie Mae –
724 Winn Drive in Upland, California ("Winn Property") and 10633 Budlong Avenue
in Los Angeles, California ("Budlong Property").  (<u>See</u> Crossclaim at 1-2.)

Also on September 11, 2013, Fannie Mae filed a Counterclaim against
Counter-defendants Christie L. Reed, Edward R. Seidner, Joyce Seidner, James W.
Redfern, Royal Thrift and Loan Company ("Royal Thrift"), CitiFinancial Mortgage
Company, Inc. ("CitiFinancial"), Sarah Cabrera, County of Los Angeles ("LA
County"), Customized Auto Credit Services, Inc., New Plains Financial, Inc., Global

EDCV 13-00940-VAP (SPx)
CHRISTIE L. REED v. FEDERAL NATIONAL MORTGAGE ASSOCIATION, ET AL.
MINUTE ORDER of January 23, 2014

F.S., Inc., and Martin S. Reed ("Martin Reed") (Doc. No. 29) ("Counterclaim").  In the Counterclaim, Fannie Mae also asserts cancellation of instruments, quiet title, and slander of title claims and seeks injunctive relief, as to the Winn Property and the Budlong Property.  (See Counterclaim at 1-2.)

On November 26, 2013, Cabrera, as a cross-defendant, filed the MTD and a Request for Judicial Notice (Doc. No. 108) ("Cabrera RJN").  On December 12, 2013, Fannie Mae filed the MTD Opposition and a Request for Judicial Notice (Doc. No. 128) ("Fannie Mae RJN").  On December 23, 2013, Cabrera filed the MTD Reply.

On December 17, 2013, Cabrera filed the MPI.  Fannie Mae filed the MPI Opposition on January 14, 2014.  Cabrera filed the MPI Reply on January 17, 2014.

After considering the papers in support of, and in opposition to, the MTD and the MPI, the Court DENIES the MTD and the MPI, GRANTS the Fannie Mae RJN, and GRANTS IN PART the Cabrera RJN, as set forth below.

## II.  REQUESTS FOR JUDICIAL NOTICE

Cabrera requests that the Court take judicial notice of the following documents:

(1)   Notice of Lis Pendens, Cabrera v. Fannie Mae, et al., Superior Court, LA County, Case No. BC527736, filed on November 18, 2013;

(2)   Affidavit of Joseph R. Esquivel, Jr., dated October 4, 2013;

(3)   Complaint, Cabrera v. Fannie Mae, et al., Superior Court, LA County, Case No. BC527736, filed on November 18, 2013;

(4)   Note for a Loan from IndyMac Bank, F.S.B., in the Amount of $447,000.00, dated September 28, 2007;

(5)   Deed of Trust, executed on September 28, 2007 and bearing Instrument No. 20072291780;

(6)   Notice of Default, dated June 17, 2009 and bearing Instrument No. 20090926133;

(7)   Assignment of Deed of Trust, executed on July 7, 2009 and bearing Instrument No. 20091071728;

(8)   Assignment of Deed of Trust, executed on July 30, 2009 and bearing Instrument No. 2009094905;

EDCV 13-00940-VAP (SPx)
CHRISTIE L. REED v. FEDERAL NATIONAL MORTGAGE ASSOCIATION, ET AL.
MINUTE ORDER of January 23, 2014

    (9)    Substitution of Trustee, executed on August 4, 2009 and bearing
          Instrument No. 20091260911;

    (10)   Notice of Trustee's Sale, dated September 20, 2009 and bearing
          Instrument No. 20091444902;

    (11)   Assignment of Deed of Trust, executed on October 8, 2009 pertaining to
          Trustee Sale No. 20090159906185;

    (12)   Notice of Trustee's Sale, dated January 14, 2011 and bearing Instrument
          No. 20110098734; and

    (13)   Trustee's Deed Upon Sale, executed on September 29, 2011 pertaining
          to Trustee Sale No. 20090159906185.

(See Cabrera RJN.)

    Fannie Mae requests that the Court take judicial notice of the following
documents:

    (1)    Trustee's Deed Upon Sale, recorded on October 4, 2011 and bearing
          Instrument No. 20111346910;

    (2)    Grant Deed, recorded on February 10, 2012 and bearing Instrument No.
          20120235356;

    (3)    Grant Deed, recorded on February 15, 2012 and bearing Instrument No.
          20120255437;

    (4)    Complaint, Fannie Mae v. Divina Albasete George, et al., United States
          District Court, Central District of California, Case No. EDCV 12-0477-
          VAP (SPx), filed on April 2, 2012;

    (5)    Amended Judgment, Fannie Mae v. Divina Albasete George, et al.,
          United States District Court, Central District of California, Case No.
          EDCV 12-0477-VAP (SPx), issued on November 20, 2012; and

    (6)    Order Granting Plaintiff's Motion for Entry of Default Judgment, Fannie
          Mae v. Divina Albasete George, et al., United States District Court,
          Central District of California, Case No. EDCV 12-0477-VAP (SPx),
          issued on May 1, 2013.

(See Fannie Mae RJN.)

    A court may take judicial notice of court filings and other matters of public
record.  See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th
Cir. 2006) (citing Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136

MINUTES FORM 11                          Initials of Deputy Clerk vp for MD
CIVIL -- GEN                               Page 4

EDCV 13-00940-VAP (SPx)
CHRISTIE L. REED v. FEDERAL NATIONAL MORTGAGE ASSOCIATION, ET AL.
MINUTE ORDER of January 23, 2014

F.3d 1360, 1364 (9th Cir. 1998)).  Judicial notice may be taken of the existence of these records, not of the truth of their contents.  See Wyatt v. Terhune, 315 F.3d 1108, 1114 (9th Cir. 2003).  Facts subject to judicial notice may be considered on a motion to dismiss.  See Mullis v. U.S. Bankr. Court, 828 F.2d 1385, 1388 (9th Cir. 1987).

Cabrera and Fannie Mae have provided reference and case numbers for the documents of which they seek judicial notice – except for the Affidavit of Joseph R. Esquivel, Jr. ("Esquivel Affidavit"), submitted by Plaintiff – showing that they were in fact court documents and matters of public record.  See Grant v. Aurora Loan Servs., Inc., 736 F. Supp. 2d 1257, 1264 (C.D. Cal. 2010) (citing cases); Velazquez v. GMAC Mortg. Corp., 605 F. Supp. 2d 1049, 1057-58 (C.D. Cal. 2008).  As for the Esquivel Affidavit, it primarily contains a private investigator's opinions and does not concern a matter "generally known within the trial court's territorial jurisdiction," nor that which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  Thus, the Court declines to take judicial notice of the Esquivel Affidavit.

Accordingly, the Court GRANTS judicial notice of all the documents contained in the Cabrera RJN and the Fannie Mae RJN, and GRANTS IN PART the Cabrera RJN, taking judicial notice of all the documents contained in the Cabrera RJN, except for the Esquivel Affidavit.

## III.  LEGAL STANDARDS

### A.    Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 47 (1957) (holding that the Federal Rules require that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." (quoting Fed. R. Civ. P. 8(a)(2))); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint – as well as any reasonable inferences to be

EDCV 13-00940-VAP (SPx)
CHRISTIE L. REED v. FEDERAL NATIONAL MORTGAGE ASSOCIATION, ET AL.
MINUTE ORDER of January 23, 2014

drawn from them – as true and construe them in the light most favorable to the non-moving party.  See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  Id.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556).  The Ninth Circuit clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Although the scope of review is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988).

**B.    Motion for a Preliminary Injunction**
"A preliminary injunction is an extraordinary and drastic remedy . . .; it is never awarded as of right."  Munaf v. Green, 553 U.S. 674, 689-90 (2008) (citations

EDCV 13-00940-VAP (SPx)
CHRISTIE L. REED v. FEDERAL NATIONAL MORTGAGE ASSOCIATION, ET AL.
MINUTE ORDER of January 23, 2014

omitted).  Because a preliminary injunction is an extraordinary remedy, the movant must carry the burden of persuasion by a "clear showing."  Mazurek v. Armstrong, 520 U.S. 968, 972 (1997); City of Angoon v. Marsh, 749 F.3d 1413, 1415 (9th Cir. 1984).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24-25 (2008); see also Stormans, Inc. v. Selecky, 586 F.3d 1109, 1126-27 (9th Cir. 2009).  Alternatively, under the "serious questions" approach, "serious questions going to the merits" and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met."  Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011).

"[T]he relationship between success on the merits and irreparable harm [is] 'a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.'"  Global Horizons, Inc. v. U.S. Dept. of Labor, 510 F.3d 1054, 1057-58 (9th Cir. 2007).  "To reach this sliding scale analysis, however, a moving party must, at an 'irreducible minimum,' demonstrate some chance of success on the merits."  Id. at 1058.  "When . . . a party has not shown any chance of success on the merits, no further determination of irreparable harm or balancing of hardships is necessary."  Id.; see also Developmental Servs. Network v. Douglas, 666 F.3d 540, 544 (9th Cir. 2011) ("[I]f a plaintiff fails to show that he has some chance on the merits, that ends the matter.").

## IV.  DISCUSSION
### A.   Motion to Dismiss
#### (1)   Arguments
In the MTD, Cabrera argues Fannie Mae's claims against him in the Crossclaim – the cancellation of instruments, quiet title, and slander of title claims and request for injunctive relief, as to the Budlong Property – should be dismissed because Fannie Mae does not hold a clear title to the Budlong Property and as such does not have standing to assert the claims in the Crossclaim.  (MTD at 2-8.)  Cabrera argues the Trustee's Deed Upon Sale that Fannie Mae holds – Instrument No. 2011346910, recorded on October 4, 2011 with the LA County – "was based on

EDCV 13-00940-VAP (SPx)
CHRISTIE L. REED v. FEDERAL NATIONAL MORTGAGE ASSOCIATION, ET AL.
MINUTE ORDER of January 23, 2014

invalid[] assignments, substitutions and "robo signed" documents."  (Id. at 3; see
Cabrera RJN, Ex. J.)

Cabrera alleges he purchased the Budlong Property on September 28, 2007,
financing the purchase through IndyMac Bank, F.S.B.  (Id. at 5.)  Mortgage
Electronic Registration Systems, Inc. ("MERS")[1] was the nominee and beneficiary of
the Deed of Trust for IndyMac Bank.  (Id.)  After Cabrera received a Notice of
Default on June 17, 2009, MERS assigned the Deed of Trust to OneWest Bank,
F.S.B. ("OneWest") on July 7, 2009, but Cabrera alleges MERS made the
assignment without assigning the promissory note to OneWest.  (Id.)  Cabrera
further alleges MERS's authorized signatory at the time of the assignment to
OneWest was Suchan Murray, "a known 'Robo Signer.'"  (Id.)  On September 6,
2011, NDEx West, LLC, acting on behalf of OneWest, sold the Budlong Property to
Fannie Mae at a public auction, and on October 4, 2011, Fannie Mae recorded a
Trustee's Deed Upon Sale with the LA County as Instrument No. 2011346910.  (Id.
at 4, 5.)  Cabrera thus asserts that because MERS failed to assign the promissory
note to OneWest, and MERS engaged in the illegal practice of using a "robo signer"
in assigning the Deed of Trust to OneWest, the Trustee's Deed Upon Sale held by
Fannie Mae "was never valid," and Fannie Mae "did not receive clear and
marketable title to the Budlong Property."  (Id.)  Thus, Cabrera argues, Fannie Mae
does not have "standing to bring this property before this court."  (Id.)

In the MTD Opposition, Fannie Mae asserts the Court should deny Cabrera's
MTD because (1) Cabrera has not offered to tender the full amount due on the note
and deed of trust for the Budlong Property, as required by California law in an action
to set aside a trustee's sale, (2) Cabrera's challenge to the foreclosure sale is
untimely, and (3) Cabrera, not having shown any harm he suffered by the alleged
problems in the assignments and foreclosure documents and making allegations
without factual support, lacks standing to challenge the assignments, the
substitutions, or the foreclosure involving the Budlong Property.  (See MTD Opp'n at
3-7.)

---

[1]     The Cabrera MTD refers to MERS only as MERS and does not provide
the full name of the company, but the Court notes, from the documents it takes
judicial notice of in this Order, that MERS stands for Mortgage Electronic
Registration Systems, Inc.  (See, e.g., Cabrera RJN, Ex. B.)

MINUTES FORM 11                                        Initials of Deputy Clerk vp for MD
CIVIL -- GEN                        Page 8

EDCV 13-00940-VAP (SPx)
CHRISTIE L. REED v. FEDERAL NATIONAL MORTGAGE ASSOCIATION, ET AL.
MINUTE ORDER of January 23, 2014

In the Reply, Cabrera reiterates his arguments in the MTD, and alleges the February 11, 2013 judgment in <u>Fannie Mae v. Divina Albasete George, et al.</u>, No. EDCV 12-0477-VAP (SPx), obtained from the Court should be voided because "numerous violations and invalid assignments and invalid substitutions were made" against the Budlong Property before Fannie Mae obtained the Trustee's Deed Upon Sale.  (Reply at 2-4.)  Cabrera also asserts he has standing because Fannie Mae has not provided an authenticated note for the Budlong Property, that an exception to the tender requirement applies here, and that Fannie Mae's failure to serve the Opposition timely on Cabrera violated his due process rights.  (<u>Id.</u> at 4-9.)  In support of the Reply, Cabrera filed a copy of an appellate brief in <u>Rotondi v. DHI Mortgage Company, LTD</u>, No. 58739, filed with the Nevada Supreme Court on August 17, 2011.  (<u>See</u> <u>id.</u>, Ex. A.)

### (2)   Analysis

Although the MTD individually addresses Fannie Mae's cancellation of instruments, quiet title, slander of title, and injunctive relief claims, Cabrera's arguments may be reduced to the following two-pronged assertion:  Fannie Mae holds an invalid title to the Budlong Property and thus lacks standing to sue Cabrera because (1) MERS assigned the deed of trust to OneWest without assigning also the promissory note, and (2) MERS engaged in the illegal practice of using a "robo signer" in assigning the deed of trust to OneWest.  (<u>See</u> MTD at 4-5.)  The Court finds Cabrera fails to establish this assertion, though not for most of the reasons advanced by Fannie Mae.

Fannie Mae's arguments in the MTD Opposition appear to be either too vague or inapplicable to Cabrera.  First, Fannie Mae has provided no authority in support of its assertion that Cabrera – a movant seeking to dismiss the Crossclaim, rather than a plaintiff or a crossclaimant in this case – is subject to California's valid tender requirement.  (MTD Opp'n at 4-5.)  All the cases cited by Fannie Mae in the MTD Opposition require plaintiffs bringing foreclosure actions to allege a valid tender, but none of the cases provide support to Fannie Mae's proposition that a defendant seeking to dismiss a complaint is also required to allege valid tender.  (<u>See</u> <u>id.</u> (citing <u>Arnold's Mgmt. Corp. v. Eischen</u>, 158 Cal. App. 3d 575, 580 (1984) (requiring a plaintiff challenging foreclosure to allege tender); <u>U.S. Cold Storage v. Great W. Sav.</u>

EDCV 13-00940-VAP (SPx)
CHRISTIE L. REED v. FEDERAL NATIONAL MORTGAGE ASSOCIATION, ET AL.
MINUTE ORDER of January 23, 2014

& Loan Assn., 165 Cal. App. 3d 1214, 1222 (1985); FPCI RE-HAB 01 v. E & G Invess., Ltd. (1989) 207 Cal. App. 3d 1018, 1022 (1989) (same); Karlsen v. Am. Sav. & Loan Assn., 15 Cal. App. 3d 112, 121 (1971) (same).)  The Court thus declines to consider Fannie Mae's failure-to-allege-tender argument for which no applicable authority is furnished.  See Gale v. NEC Corp., No. C 06-3237 JF, 2007 WL 915384, at *1 n.7 (N.D. Cal. Mar. 23, 2007) (declining to consider an argument for which no authority is cited); Dabney v. Dabney, 104 Cal. App. 4th 379, 384 (2002) (same).

     Second, Fannie Mae asserts "Cabrera is over two years too late" in challenging the foreclosure sale of the Budlong Property.  (MTD Opp'n at 5.)  Again, Cabrera's posture in this action is as a movant to dismiss the Crossclaim, rather than as a plaintiff.  Thus, it is not clear whether Fannie Mae can assert a statute of limitations or laches "defense" to the MTD.  Furthermore, Fannie Mae cites no authority at all in support of its argument that Cabrera brings an untimely challenge to the Crossclaim.  Hence, the Court again declines to consider Fannie Mae's vague and unsupported statute-of-limitations argument.  See Gale, 2007 WL 915384 at *1 n.7; Dabney, 104 Cal. App. 4th at 384.

     Third, the Court is not persuaded by Fannie Mae's argument that Cabrera does not have standing to file the MTD because he has not shown any harm suffered by the allegedly invalid assignments and substitutions involving the Budlong Property.  (MTD Opp'n at 5-6.)  As was the case with the valid tender argument, the cases Fannie Mae cites in support of Cabrera's lack of standing concern plaintiffs challenging foreclosure.  (See id. (citing Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1155 (2011); Fontenot v. Wells Fargo Bank, 129 Cal. App. 4th 256, 270 (2011); Debrunner v. Deutsche Bank Nat'l Trust Co., 209 Cal. App. 4th 433, 443 (2012); U.S. Hertz, Inc. v. Niobrara Farms, 41 Cal. App. 3d 68, 85 (1974).)  In the motion-to-dismiss context, the Court finds that the correct analysis is to inquire whether Cabrera would be injured if the Crossclaim is resolved in Fannie Mae's favor.  At the heart the Crossclaim is its claim to deprive Cabrera of the title and possessory claim he asserts to the Budlong Property, Cabrera has established he will be harmed by a judgment in favor of Fannie Mae as to the Crossclaim, and thus he has standing to move to dismiss the Crossclaim.

EDCV 13-00940-VAP (SPx)
CHRISTIE L. REED v. FEDERAL NATIONAL MORTGAGE ASSOCIATION, ET AL.
MINUTE ORDER of January 23, 2014

Nonetheless, the two-pronged assertion Cabrera advances throughout the MTD is without merit.  First, as Fannie Mae points out in the MTD Opposition, the Assignment of Deed of Trust from MERS to OneWest (signed on July 7, 2009 and filed on July 16, 2009) specifically states that the assignment in the Budlong Property is to occur "[t]ogether with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all accrued or to accrue under said Deed of Trust."  (Cabrera RJN, Ex. D; see MTD Opp'n at 6.)  Thus, the first prong of Cabrera's argument not only lacks factual support, but is belied by the record.

Second, with regard to the allegation that Suchan Murray, who signed the Assignment of the Deed of Trust from MERS to OneWest as MERS's authorized signatory, is "a known 'Robo Signer,'" the Court finds Cabrera fails to show – beyond bald assertions lacking factual support – that Murray is a "robo signer."  (Reply at 3; MTD at 5.)  The only support Cabrera provides for this allegation is Exhibit A, filed with the Reply – a brief submitted to the Nevada Supreme Court,[2] which itself appears to make bald assertions regarding Murray without factual support.  (See Reply, Ex. A.)  The Court finds no basis to conclude that Murray was a fraudulent "robo signer," as Cabrera asserts, or that the Assignment of Deed of Trust Murray signed was in any way defective.  Thus, the second prong of Cabrera's argument also lacks factual support.

Having found that both prongs of Cabrera's attack on the Crossclaim lack merit, the Court finds Cabrera has failed to establish that Fannie Mae holds invalid title to the Budlong Property and thus lacks standing to sue Cabrera.  Accordingly, the Court DENIES the MTD.

## B.    Motion for a Preliminary Injunction
### (1)    Arguments

---

[2]      Although Cabrera does not formally request judicial notice of the brief he filed as Exhibit A to the Reply – Civil Proper Person Appeal Statement, Rotondi v. DHI Mortgage Co., Ltd., et al., No. 58739 (Nev. Aug. 17, 2011), filed by Appellant Douglas A. Rotondi – the Court takes judicial notice of the brief as a court record, but not of the truth of its content.  See Wyatt, 315 F.3d at 1114.

In the MPI, Cabrera asks the Court to issue a preliminary injunction pursuant to Federal Rule of Civil Procedure ("FRCP") 65, restraining and enjoining Fannie Mae from the following:

(1)     Posting signs asserting Fannie Mae's ownership of the Budlong Property;

(2)     Recording, transferring, selling, or evicting tenants from the Budlong Property;

(3)     Collecting rent from tenants in the Budlong Property;

(4)     Harassing and interfering with the tenants' quiet enjoyment of the Budlong Property;

(5)     Trespassing, changing locks, or shutting off utilities, of the Budlong Property;

(6)     Engaging in actions to encumber and/or remove fixtures from the Budlong Property;

(7)     Taking further steps to possess and deprive Cabrera of the Budlong Property until a court and a jury have determined that Fannie Mae is the legal titleholder of the Budlong Property; and

(8)     Continuing slanderous and libelous communication regarding Cabrera to the tenants of the Budlong Property.

(MPI at 2-3.)

In support of his request for a preliminary injunction, Cabrera repeats the arguments he made in the MTD to assert that he is likely to prevail on the merits, and argues that (1) he will suffer irreparable harm if the MPI is denied (though he does not describe what type of harm and in what manner he will suffer); (2) it would be inequitable to permit Fannie Mae to retain title to the Budlong Property because Fannie Mae unlawfully obtained the title; (3) the public interest favors granting the MPI (though again he does not provide specific support for this argument); and (4) the balance of hardship weighs in his favor because, if the MPI is not granted, he will not be able to stop Fannie Mae's illegal actions or to prove to this Court and state court that Fannie Mae's foreclosure of the Budlong Property was fraudulent.  (See MPI at 9-11.)

In the MPI Opposition, Fannie Mae reiterates the arguments it put forth in the MTD Opposition to argue that Cabrera is not likely to prevail on the merits, and adds

EDCV 13-00940-VAP (SPx)
CHRISTIE L. REED v. FEDERAL NATIONAL MORTGAGE ASSOCIATION, ET AL.
MINUTE ORDER of January 23, 2014

that the balance of the hardships favors Fannie Mae because it has been "unable to sell the [Budlong] [P]roperty for over 27 months," but required to "pay taxes and insurance" on the property, while Cabrera has failed to show how he is "suffering any hardship from Fannie Mae's 'court approved' ownership of the Budlong Property."  (MPI Opp'n at 3-8.)  If the Court should grant the MPI, Fannie Mae requests that the preliminary injunction be "conditioned upon Cabrera posting a bond in an amount sufficient to protect Fannie Mae's interest in the Budlong Property," pursuant to FRCP 65(c).  (Id. at 8-9.)

## (2)    Analysis

After considering the arguments advanced by the parties, the Court determines that Cabrera has failed to carry his burden of persuasion by a "clear showing" that the "extraordinary and drastic remedy" of a preliminary injunction is warranted.  Mazurek, 520 U.S. at 972; Munaf, 553 U.S. at 689-90.  Specifically, given that the Court has already granted Fannie Mae's action to quiet claims to the title to the Budlong Property and recognized Fannie Mae's deed to the Budlong Property as valid in Fannie Mae v. Divina Albasete George, et al., No. EDCV 12-0477-VAP (SPx), Cabrera has the burden to establish in the MPI that he is likely to show that he holds a title to the Budlong Property that is superior to Fannie Mae's. (See Order Granting Plaintiff's Motion for Entry of Default Judgment, Fannie Mae v. Divina Albasete George, et al., No. EDCV 12-0477-VAP (SPx), at 14-17 (C.D. Cal. May 1, 2013), ECF No. 95.)  The Court finds that Cabrera fails to meet this burden or to establish that, at an "irreducible minimum," he has some chance of success on the merits.  See Winter, 555 U.S. at 24-25; Global Horizons, 510 F.3d at 1058.

In the MPI, Cabrera fails to establish a likelihood of success on the merits of this case as the only argument he advances on the merits is an assertion he has already raised in the MTD – and the Court finds unpersuasive as discussed above – i.e., that Fannie Mae holds an invalid and fraudulent title to the Budlong Property because Murray who functioned as an authorized signatory for MERS and OneWest in the execution of three different documents was a "known 'robo signer.'"  (See MPI at 6-9.)  In support of this contention, Cabrera re-submits three documents, which he submitted as part of his RJN: (1) Assignment of the Deed of Trust, dated July 7, 2009 and signed by Murray for MERS (id., Ex. A); (2) Substitution of Trustee, dated August 4, 2009 and signed by Murray for OneWest (id., Ex. B); and (3) Deed of

Trust, dated October 8, 2009 and signed by Murray for OneWest (id., Ex. C).  As he did in the MTD, however, Cabrera here merely points to documents with Murray's signatures and does not provide any factual support for his assertion that Murray was a "known 'robo signer.'"  (See id. at 6-9.)  To the extent that Cabrera argues Murray's dual role as a signatory for MERS and OneWest establishes that she functioned as a "robo signer," the Court concludes, as another district court in the Ninth Circuit did, that "the fact that officers at banks are simultaneously officers of MERS does not render them 'robo-signers.' . . . [I]t is common for a person to be employed by a financial institution and at the same time be a MERS officer. . . . MERS relies on its members to have someone on their own staff become a MERS officer with the authority to sign documents on behalf of MERS."  Kamela v. OneWest Bank FSB, No. CV-11-1357-PHX-GMS, 2011 WL 6328717, at *5-6 (D. Ariz. Dec. 19, 2011) (citing Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1040 (9th Cir. 2011)).

As Cabrera fails to establish that Murray was a "robo signer," the only substantive argument he advances in his attempt to show that Fannie Mae holds fraudulent title, the Court finds that Cabrera also fails to establish that he has even a minimal chance of successfully showing that Fannie Mae holds an invalid and fraudulent title to the Budlong Property or that he himself holds a title to the Budlong Property that is superior to Fannie Mae's.  Thus, the Court finds that Cabrera fails to show that, at an "irreducible minimum," he has some chance of success on the merits.  See Winter, 555 U.S. at 24-25; Global Horizons, 510 F.3d at 1058.  As such, the Court finds "no further determination of irreparable harm or balancing of hardships is necessary."  Global Horizons, 510 F.3d at 1058; Douglas, 666 F.3d at 544 ("[I]f a plaintiff fails to show that he has some chance on the merits, that ends the matter").  Nor can Cabrera meet the "serious questions" approach because he has failed raise "serious questions going to the merits . . . ."  Cottrell, 632 F.3d at 1132.  Accordingly, the Court DENIES the MPI.

## V.  CONCLUSION

For the foregoing reasons, the Court DENIES Cross-Defendant Everett Cabrera's Motion to Dismiss the Crossclaim (Doc. No. 107), and also DENIES Cabrera's Motion for a Preliminary Injunction (Doc. No. 133).  In addition, the Court GRANTS IN PART Cabrera's Request for Judicial Notice (Doc. No. 108) and

EDCV 13-00940-VAP (SPx)
CHRISTIE L. REED v. FEDERAL NATIONAL MORTGAGE ASSOCIATION, ET AL.
MINUTE ORDER of January 23, 2014

GRANTS Crossclaimant Federal National Mortgage Association's Request for Judicial Notice (Doc. No. 128).

**IT IS SO ORDERED.**