FILED
CLERK, U.S. DISTRICT COURT
SEP 2 0 2016
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

CHRISTIE L. REED,

Plaintiff,

vs.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al.

Defendant(s)

AND RELATED CROSS-CLAIMS AND COUNTER-CLAIMS

Case No.: ED 13-CV-940-VAP (SPx)

***Hon. Judge Virginia A. Phillips***
***Department 2***

**[~~PROPOSED~~] JUDGMENT**

The Court, having ruled upon multiple motions related to the Complaint and the Cross-Claims and Counter-Claims on file herein, enters judgment in this matter as follows:

///

///

**I. The Complaint of Plaintiff, Christie Reed.**

Pursuant to Orders issued by the Court on November 5, 2013 and July 27, 2016, IT IS ORDERED AND ADJUDGED that Plaintiff, Christie Reed's, Complaint is DISMISSED WITH PREJUDICE.

**II. The Counter-Claim of Christie Reed Against Edward R. Seidner, Joyce Seidner, and James W. Redfern, Trustee of the 2002 James W. Redfern Revocable Trust Edward R. Seidner, Joyce Seidner, and James W. Redfern, Trustee of the 2002 James W. Redfern Revocable Trust.**

Pursuant to the Court's Order issued August 24, 2015, the Amended Counterclaim of Christie Reed against Edward R. Seidner, Joyce Seidner, and James W. Redfern, Trustee of the 2002 James W. Redfern Revocable Trust (hereinafter "Seidner-Redfern"), IT IS ORDERED AND ADJUDGED that Reed's Amended Counterclaim is DISMISSED WITH PREJUDICE and Judgment is entered in favor of Seidner-Redfern on Reed's Counter-Claim.

**III. The Motion for Summary Judgment filed by Counter-Claimant/Cross-Claimant, Federal National Mortgage Association.**

Pursuant to the Court's Order issued December 5, 2014, The Motion for Summary Judgment filed by Counter-Claimant/Cross-Claimant, FEDERAL NATIONAL MORTGAGE ASSOCIATION (hereinafter referred to as "Fannie Mae") on its Counter-Claims and Cross-Claims, as to Counter-Defendants CHRISTIE REED ("REED"), and Cross-Defendant, EVERETT X. CABRERA ("CABRERA"), on the Causes of Action for Cancellation of Instrument, Quiet Title, and Permanent Injunction, THE COURT ENTERS JUDGMENT AS FOLLOWS:

The Court concluded that Fannie Mae had met its burden of proving each of the elements required for entry of judgment for cancellation of instruments, quiet title, and injunctive relief, and therefore the Motion for Summary Judgment was GRANTED, and Judgment is now entered in favor of Plaintiff, Fannie Mae and against REED and

CABRERA, and all parties claiming any right, title, or interest in the real property through Defendants REED and CABRERA, as follows:

1. <u>724 Winn Drive, Upland, CA 15377</u>

a. The Court hereby declares and adjudges that Fannie Mae is the true and lawful owner of the real property commonly known as 724 Winn Drive, Upland, CA (the "Winn Drive Property") and legally described as:

Lot 207 of Tract No. 3478, as per Map recorded in Book 48 Pages 51-52 inclusive, of Miscellaneous Maps, in the Office of the County of said County.

Assessor's Parcel No.: 1046-313-14-0-000.

to the exclusion of any purported interest claimed by REED;

b. The Court hereby further declares and decrees that the Grant Deed recorded on November 16, 2011, as Instrument Number 2011-0489832 in the official records of the San Bernardino County Recorder's Office is VOID, *ab initio,* and does not alter title as established by the Trustees Deed Upon Sale recorded in the Official Records of San Bernardino County on February 7, 2011, as Instrument Number 2011-0054064 in the Official Records of San Bernardino County

c. The Court hereby further declares and decrees that the Grant Deed recorded on November 23, 2011, as Instrument Number 2011-0502011 in the official records of the San Bernardino County Recorder's Office is VOID, *ab initio,* and does not alter title as established by the Trustees Deed Upon Sale recorded in the Official Records of San Bernardino County on February 7, 2011, as Instrument Number 2011-0054064 in the Official Records of San Bernardino County;

d. Court hereby further declares and decrees that the Deed of Trust recorded on January 12, 2012, as Document No. 2012-0012849 in the

official records of the San Bernardino County Recorder's Office is VOID, *ab initio,* and does not alter title as established by the Trustees Deed Upon Sale recorded in the Official Records of San Bernardino County on February 7, 2011, as Instrument Number 2011-0054064 in the Official Records of San Bernardino County;

e. The Court hereby declares and decrees that the Grant Deed described in paragraph III. 1. b, is VOID, *ab initio*, and is ordered cancelled and expunged from the Official Records of the County of San Bernardino and shall not impart constructive notice of its contents or in any manner impact title to the Subject Property;

f. The Court hereby declares and decrees that the Deed of Trust described in paragraph III. 1. c., is VOID, *ab initio*, and is ordered cancelled and expunged from the Official Records of the County of San Bernardino and shall not impart constructive notice of its contents or in any manner impact title to the Subject Property;

g. The Court hereby declares and decrees that the Fannie Mae shall have, and does have, judgment in its favor for its claims of quiet title to the subject property located at 724 Winn Drive, Upland, California, as against Counter-Defendant, REED, and any other parties claiming to have gained title to the Property by and through REED;

h. The Court further declares and decrees that Counter-Defendant REED is ENJOINED from recording any further documents against the title to the Winn Drive Property and from any further unauthorized use of Fannie Mae's name.

2. 10633 Budlong Ave., Los Angeles, CA 90044.

a. The Court concluded that Fannie Mae had met its burden of proving each of the elements required for entry of judgment for cancellation of instruments, quiet title, and injunctive relief, and therefore the Motion for

Summary Judgment was GRANTED, and Judgment is now entered in favor of Plaintiff, Fannie Mae and against REED and CABRERA, and all parties claiming any right, title, or interest in the real property at 10633 Budlong Ave., Los Angeles, CA 90044, through REED and CABRERA as follows:

b. The Court hereby declares and adjudges that Fannie Mae is the true and lawful owner of the real property commonly known as 10633 Budlong Ave., Los Angeles, CA 90044 (the "Budlong Property") and legally described as:

Lot 179, Original Sunnyside, as shown on Map filed in Book 7 of Maps, page(s) 171 in the Office of the County Recorder of Los Angeles County.
APN: 6060-014-008

to the exclusion of any purported interest claimed by REED and CABRERA;

c. The Court hereby further declares and decrees that the Grant Deed recorded on February 10, 2012, as Instrument Number 2012-0235356 in the official records of the Los Angeles County Recorder's Office is VOID, ab initio, and does not alter title as established by the Trustees Deed Upon Sale recorded in the Official Records of Los Angeles County on October 4, 2011, as Instrument Number 2011-1346910;

d. The Court hereby further declares and decrees that the Grant Deed recorded on February 15, 2012, as Instrument Number 2012-0255437 in the official records of the Los Angeles County Recorder's Office is VOID, ab initio, and does not alter title as established by the Trustees Deed Upon Sale recorded in the Official Records of Los Angeles County on October 4, 2011, as Instrument Number 2011-1346910;

///

///

e. The Court hereby further declares and decrees that the Deed of Trust recorded on March 20, 2012, as Document No. 2012-0432270 in the Official Records of Los Angeles County Recorder's Office is VOID, ab initio, and does not alter title as established by the Trustees Deed Upon Sale recorded in the Official Records of Los Angeles County on October 4, 2011, as Instrument Number 2011-1346910;

f. The Court hereby further declares and decrees that the Grant Deed recorded on March 20, 2012, as Instrument Number 2012-0432271 in the Official Records of the Los Angeles County Recorder's Office is VOID, ab initio, and does not alter title as established by the Trustees Deed Upon Sale recorded in the Official Records of Los Angeles County on October 4, 2011, as Instrument Number 2011-1346910;

g. The Court hereby declares and decrees that the Grant Deed described in paragraph III.2.c., is VOID, ab initio, and is ordered cancelled and expunged from the Official Records of the County of Los Angeles and shall not impart constructive notice of its contents or in any manner impact title to the Subject Property;

h. The Court hereby declares and decrees that the Grant Deed described in paragraph III.2.d., is VOID, ab initio, and is ordered cancelled and expunged from the Official Records of the County of Los Angeles and shall not impart constructive notice of its contents or in any manner impact title to the Subject Property;

i. The Court hereby declares and decrees that the Deed of Trust described in paragraph III.2.e., is VOID, ab initio, and is ordered cancelled and expunged from the Official Records of the County of Los Angeles and shall not impart constructive notice of its contents or in any manner impact title to the Subject Property;

j. The Court hereby declares and decrees that the Grant Deed described in paragraph III.2.f., is VOID, ab initio, and is ordered cancelled and expunged from the Official Records of the County of Los Angeles and shall not impart constructive notice of its contents or in any manner impact title to the Subject Property;

k. The Court hereby declares and decrees that the Fannie Mae shall have judgment in its favor for its claims of quiet title to the subject property located at 10633 Budlong Ave., Los Angeles, CA 90044, as against Counter-Defendant CHRISTIE REED and Cross-Defendant EVERETT X. CABRERA;

l. The Court further declares and decrees that Counter-Defendant CHRISTIE REED and Cross-Defendant EVERETT X. CABRERA are ENJOINED from recording any further documents against the title to the Budlong Property and from any further unauthorized use of Fannie Mae's name.

**IV. <u>Fannie Mae's Motion for Default Judgment on its Counter-Claims</u>.**

Pursuant to the Court's Order issued December 5, 2014, the Motion for Default Judgment of Fannie Mae as to Counter-Defendants CUSTOMIZED AUTO CREDIT SERVICES, INC., GLOBAL FS, INC. and NEW PLAINS FINANCIAL on the Causes of Action for Cancellation of Instrument, Quiet Title, and Permanent Injunction, THE COURT ENTERS JUDGMENT AS FOLLOWS:

The Court concluded that Fannie Mae had met its burden of proving each of the elements required for entry of default judgment for cancellation of instruments, quiet title, and injunctive relief, and therefore the Motion for Default Judgment was GRANTED, and Judgment is now entered in favor of Counter-Claimant/Cross-Claimant, Fannie Mae and against Counter-Defendants CUSTOMIZED AUTO CREDIT SERVICES, INC., GLOBAL FS, INC. and NEW PLAINS FINANCIAL, and all parties claiming any right, title, or interest in the real property at 10633 Budlong Ave., Los

Angeles, CA 90044, through Counter-Defendants CUSTOMIZED AUTO CREDIT SERVICES, INC., GLOBAL FS, INC. and NEW PLAINS FINANCIAL (collectively the "Defaulted Budlong Defendants"), and enters judgment as follows:

a. The Court hereby declares and adjudges that Fannie Mae is the true and lawful owner of the real property commonly known as 10633 Budlong Ave., Los Angeles, CA 90044 (the "Budlong Property") and legally described as:

Lot 179, Original Sunnyside, as shown on Map filed in Book 7 of Maps, page(s) 171 in the Office of the County Recorder of Los Angeles County.
APN: 6060-014-008

To the exclusion of any purported interest claimed by the Defaulted Budlong Defendants;

b. The Abstract of Judgment recorded on December 23, 2003 by BMW Credit Corporation (successor in-interest to CUSTOMIZED AUTO CREDIT SERVICES, INC.) as Instrument No. 93-3857113, in the Official Records of Los Angeles County, does not attach to the Budlong Property;

c. The Court hereby further declares and decrees that the Deed of Trust recorded on January 12, 2012, as Document No. 2012-0432270 in the Official Records of Los Angeles County Recorder's Office is VOID, ab initio, and does not alter title as established by the Trustees Deed Upon Sale recorded in the Official Records of Los Angeles County on October 4, 2011, as Instrument Number 2011-1346910;

d. The Court hereby further declares and decrees that the Grant Deed recorded on March 20, 2012, as Instrument Number 2012-0432271 in the official records of the Los Angeles County Recorder's Office is VOID, ab initio, and does not alter title as established by the Trustees

Deed Upon Sale recorded in the Official Records of Los Angeles County on October 4, 2011, as Instrument Number 2011-1346910;

e. The Court hereby declares and decrees that the Deed of Trust described in paragraph IV.c., is VOID, ab initio, and is ordered cancelled and expunged from the Official Records of the County of Los Angeles and shall not impart constructive notice of its contents or in any manner impact title to the Subject Property;

f. The Court hereby declares and decrees that the Grant Deed described in paragraph IV.d., is VOID, ab initio, and is ordered cancelled and expunged from the Official Records of the County of Los Angeles and shall not impart constructive notice of its contents or in any manner impact title to the Subject Property

g. The Court hereby declares and decrees that the Fannie Mae shall have judgment in its favor for its claims of quiet title to the subject property located at 10633 Budlong Ave., Los Angeles, CA 90044, as against CUSTOMIZED AUTO CREDIT SERVICES, INC., GLOBAL FS, INC. and NEW PLAINS FINANCIAL;

**V. <u>Seidner-Redfern's Motion for Summary Judgment on its Cross-Claims and Counter-Claims.</u>**

Pursuant to the Court's Order issued July 27, 2016, The Motion for Summary Judgment filed by Cross Claimants, Edward R. Seidner, Joyce Seidner, and James W. Redfern, Trustee of the 2002 James W. Redfern Revocable Trust ("Seidner-Redfern") on their Cross-Claims, as to Cross-Defendant CHRISTIE REED, on the Cause of Action for Unjust Enrichment, the Court found that Seidner-Redfern met their burden of proving each of the elements required for entry of judgment for unjust enrichment, and therefore the Motion for Summary Judgment was granted and, THE COURT ENTERS JUDGMENT AS FOLLOWS:

Judgment is entered in favor of Cross Claimants, Seidner-Redfern and against Cross-Defendant CHRISTIE REED, in the amount of $196,073.91.

Dated: Sept 20 2016

Virginia A Phillips

VIRGINIA A PHILLIPS
JUDGE OF THE UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA